LAWRENCE G. WASDEN
Attorney General
State of Idaho
Office of the Attorney General

KATHARINE B. BRERETON, ISBA #9583
kbrereton@lclattorneys.com
PETER C. ERBLAND, ISBA #2456
perbland@lclattorneys.com
LAKE CITY LAW GROUP PLLC
435 W. Hanley Avenue, Suite 101
Coeur d'Alene, ID  83815
Telephone: (208) 664-8115
Facsimile: (208) 664-6338

*Attorney for Defendants*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PETER PERLOT, MARK MILLER, and RYAN ALEXANDER, | Case No. 3:22-cv-00183-DCN |
| Plaintiffs, | **DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT** |
| v. | |
| C. SCOTT GREEN, President of the University of Idaho, BLAINE ECKLES, Dean of Students, ERIN AGIDIUS, Director of the Office of Civil Rights & Investigations, and LINDSAY EWAN, Deputy Director of the Office of Civil Rights and Investigations, all individually and all in their official capacities. | |
| Defendants. | |

Defendants Green, Eckles, Agidius, and Ewan, by and through their attorneys of record

Katharine B. Brereton and Peter C. Erbland of Lake City Law Group PLLC, hereby answer

Plaintiffs' Amended Verified Complaint as follows:

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 1**

**GENERAL DENIAL**

Defendants deny each and every allegation of Plaintiffs' Amended Verified Complaint not expressly and specifically admitted herein.  The paragraph numbers of this Answer correspond to the paragraph numbers in the Amended Verified Complaint.

**INTRODUCTION**

1.      The allegations in paragraph 1 contain legal argument to which no response is required.  If a response is required, Defendants admit that the prohibition against viewpoint discrimination applies to public universities.  Defendants deny any wrongful acts or omissions under federal or state law.

2.      The allegations in paragraph 2 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 2.

3.      Defendants admit the allegations in paragraph 3.

4.      Paragraph 4 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, upon information and belief, Defendants aver that members of the CLS chapter at the College of Law along with all College of Law students were invited to the "moment of community" to condemn the slur and support the LGBTQIA+ community.  Defendants admit that members of CLA and the chapter's faculty advisor gathered at the moment of community.  Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations that the CLS members and the faculty advisor were at the moment of community to "condemn the slur and to publicly support and pray in solidarity with their fellow students" and therefore deny the same.

5.      Paragraph 5 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants aver that

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 2**

once Plaintiff Seamon finished his prayer at the moment of community, Ms. Doe, who was wrapped in a Pride flag, made the statement, "I'm here in solidarity with the transgender community for any kind of, like, discrimination that's been happening and I'm here, I see you, I am part of the community.  Whatever you need, I'm here for you.  I've also felt some of that discrimination."  A member of CLS responded to Ms. Doe and said, "We've never felt that discrimination."  Ms. Doe responded, "I'm kind of confused as to why you are here.  It states on your website, it's clear [about] your feelings on the rights of the LGBTQ community and you pride yourself on challenging this under the court of law, under the ultimate judge, which you consider God."  After Ms. Doe made this statement, Plaintiff Miller responded to her.

6.     Paragraph 6 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants admit that a CLS member, Plaintiff Miller, explained his belief based on his interpretation of the Bible. Defendants aver that, in his explanation, Plaintiff Miller engaged in a speech citing verses in the Bible and stating that everyone in the LGBTQ community was going to the gallows of hell if they didn't repent for their sins.  Ms. Doe broke down and began to cry upon hearing Plaintiff Miller's speech.  Plaintiff Miller said to Ms. Doe, "All we have to go on is the Bible, which clearly defines marriage between a man and a woman."  When Plaintiff Miller stopped talking, Plaintiff Seamon responded to Miller's statements and said, "Well, it's true."  Following the moment of community, Plaintiff Miller sent an email on April 2, 2022, to numerous students and faculty, including all Plaintiffs, wherein he stated, among other things, "I did not enjoy the pain in peoples' faces as they reacted to my words yesterday.  I was doing my best to answer that lady's question in love and truth.  Unfortunately, I still suffer from the consequences of sin and thus am fallible.  I do stand by everything I said…"  Plaintiff Miller continued, "If that ordeal was not an opportunity to share

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 3**

the Gospel, I do not know what is…if we do not help people grasp *why* they need a Savior, then the role of the Savior is meaningless in their lives and we are at risk of creating false converts." Plaintiff Miller further stated, "My friends have heard me say that I am prepared to defend the name of Christ straight to the guillotine….I did not speak for CLS as a group yesterday and am still unsure how that whole event transpired.  I can only speak from the lips of man….I only regret I did not say more, namely how I failed to better emphasize that, while God hates sin, and we *all* will be held accountable for our sins…I feel called to capitalize on the possibility that God may have planted a seed in at least one person's heart yesterday.  I will look for those persons' faces throughout the next few weeks and for any opportunity to show them a better example of the love that God has revealed to me.  I do not expect this to be well-received…"  Ms. Doe was an eventual recipient of this email.  Defendants deny the remaining allegations.

7.     Paragraph 7 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants admit that Plaintiff Perlot, a CLS member, left a handwritten note for Ms. Doe at her study carrel.  Defendants aver that on April 5, 2022, Ms. Doe found this note from Plaintiff Perlot, which identified Perlot as the President of CLS.  The note stated, "[f]eel free to come talk to me if you have anything you need to say or questions you wish to ask."  Ms. Doe reported that Perlot's note on her study carrel seemed like intimidation, and she went directly to the College of Law Dean, Johanna Kalb, and the Associate Dean for Students, Kristina Running, and informed them she could not longer be on campus.  Ms. Doe also reported that she found the note threatening and it had interrupted her studies.

8.     Paragraph 8 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants aver that

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 4**

Ms. Doe, along with Plaintiffs Alexander and Perlot, attended a panel at the law school with the American Bar Association.  During this panel, Ms. Doe and other students expressed to the ABA that they felt vulnerable and unsafe at the College of Law.

9.      Paragraph 9 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants aver that Plaintiff Alexander, a member of CLS, also spoke to the ABA and took a position in defense of CLS.

10.      Defendants admit that Plaintiffs Perlot, Miller, and Alexander received mutual no contact orders on April 7, 2022, from the University's Office of Civil Rights and Investigations. Defendants aver that the issuance of the no contact orders to Plaintiffs Perlot, Miller, and Alexander followed Ms. Doe's complaint to OCRI on April 6, 2022, about these Plaintiffs' conduct in the days prior.  In the time from April 1, 2022, OCRI learned that Plaintiff Perlot and Plaintiff Miller had expressed their negative opinions of Ms. Doe's sexuality; Plaintiff Miller indicated his intent to seek out students, such as Ms. Doe, to continue to talk to them about their sexuality and profess his beliefs; Plaintiff Perlot had tracked down Ms. Doe's study carrel and left her a note which she found intimidating and threatening; and Plaintiff Alexander provided Plaintiffs Perlot and Miller with support and reinforced their engagement with LGBTQIA+ community.  Ms. Doe reported to OCRI that she feared for her safety on campus and was uncomfortable going to class, which included classes she attended with Plaintiff Alexander.  Ms. Doe requested no contact orders be issued mutually between herself and Plaintiffs in order to help her feel safe on campus and as a supportive measure under Title IX.  Defendants further aver that the content of each no contact order speaks for itself and the mutual no contact orders were issued in accordance with Title IX regulations.  Defendants deny the remaining allegations in paragraph 10.

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 5**

11.     Defendants deny the allegations in paragraph 11 and specifically deny any wrongful acts or omissions under federal or state law.

12.     Defendants admit that the mutual no contact orders were issued pursuant to the University of Idaho's Title IX policy, FSH 6100, which incorporates the requirements of federal Title IX regulations for the provision of supportive measures when the University has received a report of sexual harassment.  Title IX regulations define supportive measures as non-disciplinary, non-punitive, individualized services that are reasonably available and intended to ensure equal access to an education program or activity, protect safety, or deter sexual harassment, and one such supportive measure is the issuance of mutual no contact orders.  Defendants deny the remaining allegations in paragraph 12.

13.     Defendants deny the allegations in paragraph 13.

14.     Defendants deny the allegations in paragraph 14.

15.     The allegations in paragraph 15 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 15.

16.     The allegations in paragraph 16 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 16.

17.     The allegations in paragraph 17 contain legal argument to which no response is required. If a response is required, Defendants admit only that the Plaintiffs have requested declaratory, injunctive and monetary relief.  Defendants deny any wrongful acts or omissions under federal or state law.

//

//

//

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 6**

## JURISDICTION & VENUE

18.     For an answer to paragraph 18, Defendants admit that Plaintiffs have asserted claims alleging violations of the First and Fourteenth Amendments to the U.S. Constitution and Idaho Code § 73-402.  Defendants deny any wrongful acts or omissions under federal or state law.

19.     For an answer to paragraph 19, Defendants admit that Plaintiffs seek declaratory relief pursuant to the laws and statutes as stated in paragraph 19.  Defendants deny any wrongful acts or omissions under federal or state law.

20.     Defendants admit that jurisdiction is proper in this matter.  Defendants deny any wrongful acts or omissions under federal or state law.

21.     Defendants admit that jurisdiction is proper in this matter.  Defendants deny any wrongful acts or omissions under federal or state law.

22.     Defendants admit that venue is proper in this matter.  Defendants deny any wrongful acts or omissions under federal or state law.

## PLAINTIFFS

23.     Defendants admit the allegations in paragraph 23.

24.     Defendants admit the allegations in paragraph 24.

25.     Defendants admit the allegations in paragraph 25.

26.     Defendants admit the allegations in paragraph 26.

27.     Defendants admit the allegations in paragraph 27.

28.     Paragraph 28 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 28, and therefore deny the same, subject to discovery in this case.

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 7**

29.     Paragraph 29 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 29, and therefore deny the same, subject to discovery in this case.

30.     Paragraph 30 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 30, and therefore deny the same, subject to discovery in this case.

31.     Paragraph 31 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 31, and therefore deny the same, subject to discovery in this case.

32.     Paragraph 32 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 32, and therefore deny the same, subject to discovery in this case.

**DEFENDANTS**

33.     Defendants admit the allegations in paragraph 33.

34.     Defendants admit that Defendant Green has been appointed by the Idaho State Board of Education.  Defendants admit that the content of Plaintiffs' Exhibit 1, the Idaho State Board of Education Governing Policies and Procedures, Section I.E.2.a. speaks for itself.

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 8**

35.     The allegations in paragraph 35 contain legal argument to which no response is required.  If a response is required, Defendants aver that the content of Idaho Code § 33-107(4)(c) speaks for itself.

36.     Defendants admit the allegations in paragraph 36.

37.     The allegations in paragraph 37 contain legal argument to which no response is required.  If a response is required, Defendants specifically deny that University policies unconstitutionally regulate student speech.  Defendant Green denies any wrongful acts or omissions under federal or state law.

38.     For an answer to paragraph 38, Defendants admit that Plaintiffs have asserted claims for declaratory and injunctive relief against Defendant Green.  Defendant Green denies any wrongful acts or omissions under federal or state law.  Defendant Green denies having acted in his personal capacity.

39.     Defendants admit the allegations in paragraph 39.

40.      For an answer to paragraph 40, Defendants deny the general and overbroad characterization of "oversees all aspects of student discipline for students who violate the Student Code of Conduct" and therefore deny the allegations in paragraph 40.

41.     The allegations in paragraph 41 contain legal argument to which no response is required. If a response is required, Defendants specifically deny that University policies unconstitutionally regulate student speech.  Defendants aver that Defendant Eckles does not have the ability or authority to unilaterally amend or repeal any University policy.  Defendant Eckles denies any wrongful acts or omissions under federal or state law.

42.     For an answer to paragraph 42, Defendants admit that Plaintiffs have asserted claims for declaratory and injunctive relief against Defendant Eckles.  Defendant Eckles denies

any wrongful acts or omissions under federal or state law. Defendant Eckles denies having acted in his personal capacity.

43.     Defendants admit the allegations in paragraph 43.

44.      For an answer to paragraph 44, Defendants deny the general and overbroad characterization of "oversees all aspects of" and therefore deny the allegations in paragraph 44.

45.     Defendants admit the allegations in paragraph 45.

46.      Defendants admit that allegations in paragraph 46.

47.     The allegations in paragraph 47 contain legal argument to which no response is required.  If a response is required, Defendants specifically deny that University policies unconstitutionally regulate student speech.  Defendants aver that Defendants Agidius and Ewan do not have the ability or authority to unilaterally amend or appeal any University policy.  Defendants Agidius and Ewan deny any wrongful acts or omissions under federal or state law.

48.     Defendants deny the allegations in paragraph 48.

49.     For an answer to paragraph 49, Defendants admit that Plaintiffs have asserted claims for declaratory and injunctive relief against Defendants Agidius and Ewan.  Defendants deny any wrongful acts or omissions under federal or state law.  Defendants Agidius and Ewan deny having acted in their personal capacities.

50.     The allegations in paragraph 50 contain legal argument to which no response is required.  If a response is required, Defendants admit that they acted under color of law.

## FACTUAL ALLEGATIONS

51.     The allegations in paragraph 51 contains legal argument and conclusion to which no response is required.  If a response is required, Defendants admit the allegations in paragraph 51.

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 10**

52.     Defendants admit the allegations in paragraph 52 and aver that the content of each referenced University policy speaks for itself.

53.     Defendants deny the allegations in paragraph 53 to the extent that the policy does not "require" no contact orders to be issued in response to complaints of sexual harassment. Defendants aver that, in accordance with federal Title IX regulations, OCRI implements appropriate supportive measures for both the complainant and respondent, which may include mutual no contact orders.  Defendants further aver that the content of the policy referenced in this paragraph speaks for itself.

54.     For an answer to paragraph 54, Defendants aver that FSH 6100 was adopted as a temporary emergency policy in August 2020 in order to comply with U.S. Department of Education regulations amending 34 C.F.R. § 106, adopted as a permanent policy effective January 1, 2021, and again amended in January 2022. Defendants further aver that the content of the policy referenced in this paragraph speaks for itself.

55.     Defendants admit the allegations in paragraph 55 and aver that the content of the policy referenced in this paragraph speaks for itself.  Defendants further aver that FSH 6100 incorporates the definition of sexual harassment as set forth in federal Title IX regulations

56.     Defendants deny the allegations in paragraph 56 to the extent that the policy does not require immediate implementation of supportive measures.  Defendants aver that the content of the policy referenced in this paragraph speaks for itself.

57.     Defendants admit the allegations in paragraph 57 and aver that the content of the policy referenced in this paragraph speaks for itself.

58.     For an answer to paragraph 58, Defendants admit that when implementing appropriate supportive measures for both respondent and complainant, the policy does not require

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 11**

OCRI to first determine that sexual harassment occurred or likely occurred as Title IX regulations require the University to offer supportive measures before the institution of the grievance process. Defendants aver that the content of the policy referenced in this paragraph speaks for itself.

59.    For an answer to paragraph 59, Defendants admit that when implementing appropriate supportive measures for both respondent and complainant, the policy does not require OCRI to provide notice or a hearing as Title IX regulations require the University to offer supportive measures before the institution of the grievance process.  Defendants aver that the content of the policy referenced in this paragraph speaks for itself.

60.    For an answer to paragraph 60, Defendants admit that when implementing appropriate supportive measures for both respondent and complainant, the policy does not require OCRI to first determine that sexual harassment is likely to occur in the future as Title IX regulations require the University to offer supportive measures before the institution of the grievance process. Defendants aver that the content of the policy referenced in this paragraph speaks for itself.

61.    For an answer to paragraph 61, Defendants admit that when implementing appropriate supportive measures for both respondent and complainant, the policy does not require OCRI to provide an appeal of the supportive measures imposed since, pursuant to federal Title IX regulations, supportive measures are non-disciplinary, non-punitive individualized services offered as appropriate, as reasonably available, and without fee or charge to the complainant or the respondent before or after the filing of a formal complaint or where no formal complaint has been filed; are designed to restore or preserve equal access to the recipient student's education without unreasonably burdening the other party; and are designed to protect the safety of all parties or the

recipient student's educational environment, or deter sexual harassment . Defendants aver that the content of the policy referenced in this paragraph speaks for itself.

62.    For an answer to paragraph 61, Defendants admit that when implementing appropriate supportive measures for both respondent and complainant, the policy provides the Title IX with the sole authority to determine what supportive measures are to be implemented, and the Title IX Coordinator must document the reasons for approving or denying supportive measures. Defendants aver that the content of the policy referenced in this paragraph speaks for itself.

63.    Defendants admits the allegations in paragraph 63 and aver that the content of the policy referenced in this paragraph speaks for itself.

64.    Defendants admits the allegations in paragraph 64 and aver that the content of the policy referenced in this paragraph speaks for itself.

65.    For an answer to paragraph 65, Defendants admit that the University's Student Code of Conduct, FSH 2300, and the University's Disciplinary Process for Alleged Violations of Student Code of Conduct, FSH 2400, together, prohibit several types of harassing and discriminatory behaviors.  Defendants deny the remaining allegations in paragraph 65 and aver that the content of each policy referenced in this paragraph speaks for itself.

66.    For an answer to paragraph 65, Defendants admit that the University's Student Code of Conduct, FSH 2300, prohibits the conduct identified in subparts (a), (b), and (c). Defendants aver that the conduct prohibited in subpart (d) is contained within University policy FSH 3200.  Defendants aver that the content of each policy referenced in this paragraph speaks for itself.

67.    Defendants aver that FSH 2400 authorizes the University to impose interim actions before a final institution decision in a Student Conduct matter.  Defendants deny the remaining

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 13**

allegations in paragraph 67 and aver that the content of ach policy referenced in this paragraph speaks for itself.

68.     The allegations in paragraph 68 are vague and ambiguous as to "formal complaint" and Defendants therefore deny the allegations in paragraph 68.

69.     Defendants admit that Section H-4.b of University policy FSH 2400 states in part, "Issuance of a no-contact order." Defendants aver that the content of the policy referenced in this paragraph speaks for itself.

70.     Defendants deny the allegations in paragraph 70 and aver that the content of the policy referenced in this paragraph speaks for itself.

71.     Defendants admit that Section H-3 of University policy FSH 2400 referenced in this paragraph states in part, "A no-contact order should be routinely issued in Title IX cases…" Defendants deny the remaining allegations in paragraph 71 and aver that the content of the policy referenced in this paragraph speaks for itself.

72.     Defendants deny the allegations in paragraph 72 and aver that the content of the policy referenced in this paragraph speaks for itself.

73.     Defendants deny the allegations in paragraph 73 and aver that the content of the policy referenced in this paragraph speaks for itself.

74.     Defendants aver that University policy FSH 2400 provides in part that, "A no contact order should be routinely issued in Title IX cases and there need not be a specific determination made as provided above.  Defendants deny the remaining allegations in paragraph 74 and aver that the content of the policy referenced in this paragraph speaks for itself.

75.     Defendants aver that University policy FSH 2400 provides in part that a "Respondent may appeal the imposition of any interim action by filing an appeal with the CSA

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 14**

Officer." Defendants deny the remaining allegations in paragraph 75 and aver that the content of the policy referenced in this paragraph speaks for itself.

76.     Defendants admit that Section H-7 of University policy FSH 2400 provides in part, "There are no formal procedures for this appeal…" Defendants deny the remaining allegations in paragraph 76 and aver that the content of the policy referenced in this paragraph speaks for itself.

77.     Defendants admit that Section H-7 of University policy FSH 2400 provides in part, "[t]he interim sanctions remain in effect unless overturned by the CSA Officer." Defendants deny the remaining allegations in paragraph 77 and aver that the content of the policy referenced in this paragraph speaks for itself.

78.     Defendants admit the allegations in paragraph 78.

79.     Defendants admit that the University may discipline and dismiss faculty from employment for adequate cause, as defined by Board of Regents policy. Defendants deny the remaining allegations in paragraph 79 and aver that the content of the policy referenced in this paragraph speaks for itself.

80.     Defendants deny the allegations in paragraph 80.

81.     Paragraph 81 does not contain factual allegations against these answering Defendants and therefore no response is required. If a response is required, upon information and belief, Defendants admit the allegations in paragraph 81 and aver that these allegations were and are irrelevant to the issuance of the no contact orders.

82.     Paragraph 82 does not contain factual allegations against these answering Defendants and therefore no response is required. If a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 15**

82, and therefore deny the same, subject to discovery in this case.  Defendants aver that these allegations were and are irrelevant to the issuance of the no contact orders.

83.     Paragraph 83 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 83, and therefore deny the same, subject to discovery in this case.  Defendants aver that these allegations were and are irrelevant to the issuance of the no contact orders.

84.     Paragraph 84 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 84, and therefore deny the same, subject to discovery in this case.  Defendants aver that these allegations were and are irrelevant to the issuance of the no contact orders.

85.     Paragraph 85 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 85, and therefore deny the same, subject to discovery in this case.  Defendants aver that these allegations were and are irrelevant to the issuance of the no contact orders.

86.     Paragraph 86 and its subparts do not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 86 and its subparts and therefore deny the same, subject to discovery in this case. Defendants aver that these allegations were and are irrelevant to the issuance of the no contact orders.

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 16**

87.     Paragraph 87 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 87, and therefore deny the same, subject to discovery in this case.  Defendants aver that these allegations were and are irrelevant to the issuance of the no contact orders.

88.     Paragraph 88 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 88, and therefore deny the same, subject to discovery in this case.  Defendants aver that these allegations were and are irrelevant to the issuance of the no contact orders.

89.     Paragraph 89 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 89, and therefore deny the same, subject to discovery in this case.  Defendants aver that these allegations were and are irrelevant to the issuance of the no contact orders.

90.     Paragraph 90 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 90, and therefore deny the same, subject to discovery in this case.  Defendants aver that these allegations were and are irrelevant to the issuance of the no contact orders,

91.     Defendants admit that the Dean of the University of Idaho Law School approved the chapter of CLS in or around November 2021.  Defendants deny the remaining allegations in

paragraph 91 and aver that the allegations in paragraph 91 were and are irrelevant to the issuance of the no contact orders.

92.     Paragraph 92 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants admit the allegations in paragraph 92.

93.     Paragraph 93 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 93, and therefore deny the same, subject to discovery in this case.  Defendants aver that these allegations were and are irrelevant to the issuance of the no contact orders.

94.     Paragraph 94 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 94, and therefore deny the same, subject to discovery in this case.  Defendants aver that these allegations were and are irrelevant to the issuance of the no contact orders.

95.     Defendants admit the allegations in paragraph 95.

96.     Defendants admit that Dean Kalb emailed students regarding a derogatory slur against the LGBTQIA+ community on a classroom whiteboard at the Boise campus.  Defendants aver that the content of the email from Dean Kalb speaks for itself.

97.     Defendants admit the allegations in paragraph 97 and aver that the content of the email referenced in this paragraph speaks for itself.

98.     Defendants admit the allegations in paragraph 98 and aver that the content of the email referenced in this paragraph speaks for itself.

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 18**

99.     Defendants admit the allegations in paragraph 99 and aver that the content of the email referenced in this paragraph speaks for itself.

100.    Paragraph 100 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 100, and therefore deny the same.

101.    Paragraph 101 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 101, and therefore deny the same.

102.    Upon information and belief, Defendants admit the allegations in paragraph 102.

103.    Defendants lack sufficient information or knowledge to form a belief as to the truth of how many individuals joined the gathering or their affiliation to CLS, and therefore leave Plaintiffs to their burden of proof.

104.    Defendants aver that Ms. Doe was in attendance at the moment of community and was wrapped in a Pride flag.

105.    Defendants aver that after Plaintiff Seamon finished his prayer, Ms. Doe made the statement, "I'm here in solidarity with the transgender community for any kind of, like, discrimination that's been happening and I'm here, I see you, I am part of the community. Whatever you need, I'm here for you.  I've also felt some of that discrimination."  A member of CLS responded to Ms. Doe and said, "We've never felt that discrimination."  Ms. Doe responded, "I'm kind of confused as to why you are here.  It states on your website, it's clear [about] your feelings on the rights of the LGBTQ community and you pride yourself on challenging this under

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 19**

the court of law, under the ultimate judge, which you consider God."  After Ms. Doe made this statement, Plaintiff Miller responded to her.

106.    Defendants aver that Plaintiff Miller, in responding to Ms. Doe, explained his beliefs based on his interpretation of the Bible.  Defendants aver that, in his explanation, Plaintiff Miller engaged in a speech citing verses in the Bible and stating that everyone in the LGBTQ community was going to the gallows of hell if they didn't repent for their sins.  Ms. Doe broke down and began to cry upon hearing Plaintiff Miller's speech.  Plaintiff Miller said to Ms. Doe, "All we have to go on is the Bible, which clearly defines marriage between a man and a woman."

107.    Upon information and belief, Defendants admit the allegations in paragraph 107.

108.    Defendants aver that Plaintiff Miller, in responding to Ms. Doe, explained his beliefs based on his interpretation of the Bible. Defendants lack sufficient information or knowledge to form a belief as to the truth of Plaintiff Miller's beliefs as set forth in the allegations in paragraph 108, and therefore leave Plaintiffs to their burden of proof.

109.    Defendants aver that Plaintiff Seamon assented to Plaintiff Miller's statements, stating, "Well, it's true."

110.    Defendants admit that Ms. Doe did not say anything further to any of the Plaintiffs. Defendants aver that was visibly distraught, broke down, and began crying, and another student began to physically support Ms. Doe.  Ms. Doe was so upset that she was unable to attend classes that day.

111.    Defendants deny the allegations in paragraph 111.

112.    Defendants admit the allegations in paragraph 112.

113.    Defendants admit that Plaintiff Perlot left a handwritten note for Ms. Doe at her study carrel.  Defendants aver that on April 5, 2022, Ms. Doe found this note from Plaintiff Perlot,

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 20**

which identified Perlot as the President of CLS.  The note stated, "[f]eel free to come talk to me if you have anything you need to say or questions you wish to ask."  Ms. Doe reported that Perlot's note on her study carrel seemed like intimidation, and she went directly to the College of Law Dean, Johanna Kalb, and the Associate Dean for Students, Kristina Running, and informed them she could not longer be on campus.  Ms. Doe also reported that she found the note threatening and it had interrupted her studies.

114.    Defendants deny the allegations in paragraph 114.

115.    Defendants deny the allegations in paragraph 115 and specifically deny that the Plaintiffs "civilly and respectfully" explained their beliefs.

116.    Upon information and belief, Defendants admit the allegations in paragraph 116. Defendants aver that these allegations were and are irrelevant to the issuance of the no contact orders.

117.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 117, and therefore deny the same, subject to discovery in this case Defendants aver that these allegations were and are irrelevant to the issuance of the no contact orders.

118.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 118, and therefore deny the same, subject to discovery in this case Defendants aver that these allegations were and are irrelevant to the issuance of the no contact orders.

119.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 119, and therefore deny the same, subject to discovery in this case

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 21**

Defendants aver that these allegations were and are irrelevant to the issuance of the no contact orders.

120.     Defendants admit the allegations in paragraph 120 and aver that all Plaintiffs were given the same opportunity as any other student or faculty member to report conduct to OCRI which they believed was hostile towards them.  Plaintiff Miller specifically declined offered supportive measures and would not provide the names of other members of CLS that were impacted by the event or other conduct so that OCRI could reach out to them to inform them of their right to report their concerns and their right to supportive measures.

121.     Defendants admit the allegations in paragraph 121.

122.     Defendants admit the allegations in paragraph 122.

123.     Upon information and belief, Defendants admit the allegations in paragraph 123.

124.     Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 124, and therefore deny the same, subject to discovery in this case.

125.     Defendants aver that Ms. Doe stated that she and others were told they were going to hell because of their sexuality.  Ms. Doe and other students also expressed to the ABA that they felt vulnerable and unsafe at the College of Law.  Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 125, and therefore deny the same, subject to discovery in this case.

126.     Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 126, and therefore deny the same.

127.     Defendants aver that Plaintiff Alexander also spoke to the ABA and took a position in defense of CLS.  Defendants lack sufficient information or knowledge to form a belief as to the

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 22**

truth of the specific statements alleged in paragraph 127, and therefore deny the same, subject to discovery in this case.

128.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 128, and therefore deny the same, subject to discovery in this case.

129.    Defendants aver that Plaintiff Alexander responded to Ms. Doe's comments in a manner that she believed targeted her specifically and was based on her sexual orientation. Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 129, and therefore deny the same, subject to discovery in this case.

130.    Defendants admit that Defendant Ewan interviewed Plaintiff Miller about the events that occurred during the moment of community events on April 1.  Defendants aver that Plaintiff Miller explained his perception of the event and his belief as to how his conversation with Ms. Doe proceeded.

131.    Defendants admit the allegations in paragraph 131.

132.    Defendants admit that Defendant Ewan indicated that the University wanted to provide supportive measures to those in need.  Defendants deny the remaining allegations in paragraph 132 to the extent they do not state verbatim what was said during the interview.

133.    Defendants admit that Plaintiffs Perlot, Miller, and Alexander received mutual no contact orders on April 7, 2022, from OCRI.  Defendants aver that the issuance of the no contact orders to Plaintiffs Perlot, Miller, and Alexander followed Ms. Doe's complaint to OCRI on April 6, 2022, about these Plaintiffs' conduct in the days prior.  In the time from April 1, 2022, OCRI learned that Plaintiff Perlot and Plaintiff Miller had expressed their negative opinions of Ms. Doe's sexuality; Plaintiff Miller indicated his intent to seek out students, such as Ms. Doe, to continue to

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 23**

talk to them about their sexuality and profess his beliefs; Plaintiff Perlot had tracked down Ms. Doe's study carrel and left her a note which she found intimidating and threatening; and Plaintiff Alexander provided Plaintiffs Perlot and Miller with support and reinforced their engagement with LGBTQIA+ community.  Ms. Doe reported to OCRI that she feared for her safety on campus and was uncomfortable going to class, which included classes she attended with Plaintiff Alexander. Ms. Doe requested no contact orders be issued mutually between herself and Plaintiffs in order to help her feel safe on campus and as a supportive measure under Title IX.  Defendants further aver that the content of each no contact order speaks for itself and the mutual no contact orders were issued in accordance with Title IX regulations.

134.   Defendants admit the allegations in paragraph 134.  Defendants aver that the content of each mutual no contact order speaks for itself and the mutual no contact orders were issued in accordance with Title IX regulations.

135.   Defendants admit the allegations in paragraph 135.  Defendants aver that the content of each mutual no contact order speaks for itself and the mutual no contact orders were issued in accordance with Title IX regulations.

136.   Defendants admit the allegations in paragraph 136.  Defendants aver that the content of each mutual no contact order speaks for itself and the mutual no contact orders were issued in accordance with Title IX regulations.

137.   Defendants aver that the mutual no contact orders require both parties to sit on opposite sides of the room during any courses the parties may have together.  Defendants aver that the content of each mutual no contact order speaks for itself and the mutual no contact orders were issued in accordance with Title IX regulations.

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 24**

138.    Defendants admit the allegations in paragraph 138.   Defendants aver that the content of each mutual no contact order speaks for itself and the mutual no contact orders were issued in accordance with Title IX regulations.

139.    Defendants admit the allegations in paragraph 139.   Defendants aver that the content of each mutual no contact order speaks for itself and the mutual no contact orders were issued in accordance with Title IX regulations.

140.    Defendants admit the allegations in paragraph 140.

141.    Defendants aver that the mutual no contact orders do not state a termination date. Defendants further aver that OCRI is without jurisdiction to enforce a no contact order against a person who is no longer a student.  Defendants deny the remaining allegations in paragraph 141, and aver that the content of each mutual no contact order speaks for itself and the mutual no contact orders were issued in accordance with Title IX regulations.

142.    Defendants deny the allegations in paragraph 142.  Defendants aver that the content of each mutual no contact order speaks for itself and the mutual no contact orders were issued in accordance with Title IX regulations.

143.    Defendants admit the allegations in paragraph 143.   Defendants aver that the content of each mutual no contact order speaks for itself and the mutual no contact orders were issued in accordance with Title IX regulations.

144.    Defendants admit the allegations in paragraph 144.   Defendants aver that the content of each mutual no contact order speaks for itself and the mutual no contact orders were issued in accordance with Title IX regulations.

145.    Defendants aver that the mutual no contact orders were issued pursuant to the University of Idaho's Title IX policy, FSH 6100, which incorporates the requirements of federal

Title IX regulations for the provision of supportive measures when the University has received a report of sexual harassment.  Title IX regulations define supportive measures as non-disciplinary, non-punitive, individualized services that are reasonably available and intended to ensure equal access to an education program or activity, protect safety, or deter sexual harassment, and one such supportive measure is the issuance of mutual no contact orders.  Defendants further aver that when implementing appropriate supportive measures for both respondent and complainant, OCRI is not required to first determine that sexual harassment occurred or likely occurred, to present factual findings or witnesses to the respondent, or to provide notice or a hearing to the respondent before issuing the no contact order, as Title IX regulations require the University to offer supportive measures before the institution of the grievance process.   Defendants deny the remaining allegations in paragraph 145.

146.    Defendants admit the allegations in paragraph 146 and aver that the content of the email referenced in this paragraph speaks for itself.  Defendants aver that Defendant Ewan also informed Plaintiff Perlot that, "no sanctions have been issued.  Should an investigation be initiated and you are designated as a Respondent, you will be given notice and an opportunity to respond."

147.    Defendants admit the allegations in paragraph 147.  Defendants aver that neither FSH 6100 or federal Title IX regulations require such actions by Defendants.

148.    Defendants aver that Defendant Ewan told Plaintiff Perlot that the "no contact order was requested by the other party and deemed reasonable based on the information presented." Defendants further aver that the content of the email referenced in this paragraph speaks for itself.

149.    Defendants admit the allegations in paragraph 149 and aver that the content of the no contact orders speaks for itself.

150.    Defendants deny the allegations in paragraph 150.

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 26**

151.    Defendants deny the allegations in paragraph 151.

152.    Defendants deny the allegations in paragraph 152.

153.    Defendants admit the mutual no contact orders were issued pursuant to the University of Idaho's Title IX policy, FSH 6100, which incorporates the requirements of federal Title IX regulations.  Defendants deny the remaining allegations in paragraph 153.

154.    Defendants admit the allegations in paragraph 154.

155.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 155, and therefore deny the same.

156.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 156, and therefore deny the same.

157.    For an answer to paragraph 157, Defendants aver that the content of the email referenced in this paragraph speaks for itself.

158.    For an answer to paragraph 158, Defendants aver that the content of the email referenced in this paragraph speaks for itself.

159.    For an answer to paragraph 159, Defendants aver that the content of the email referenced in this paragraph speaks for itself.

160.    For an answer to paragraph 160, Defendants aver that the content of the email referenced in this paragraph speaks for itself.

161.    For an answer to paragraph 161, Defendants aver that the content of the email referenced in this paragraph speaks for itself and aver that Ms. Doe also informed Plaintiff Seamon that she was "still processing the events."

162.    For an answer to paragraph 162, Defendants aver that the content of the email referenced in this paragraph speaks for itself.

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 27**

163.    Upon information and belief, Defendants admit the allegations in paragraph 163.

164.    Upon information and belief, Defendants admit the allegations in paragraph 164.

165.    Defendants deny the allegations in paragraph 165.  Defendants aver that the content of the email referenced in this paragraph speaks for itself.

166.    For an answer to paragraph 166, Defendants aver that the content of the email referenced in this paragraph speaks for itself.

167.    For an answer to paragraph 167, Defendants aver that the content of the email referenced in this paragraph speaks for itself.

168.    For an answer to paragraph 168, Defendants aver that the content of the email referenced in this paragraph speaks for itself.

169.    For an answer to paragraph 169, Defendants aver that the allegations in paragraph 169 misquote the content of the referenced email referenced and further aver that the content of the email speaks for itself.

170.    For an answer to paragraph 170, Defendants aver that the content of the email referenced in this paragraph speaks for itself.

171.    Defendants deny the allegations in paragraph 171.

172.    Defendants deny the allegations in paragraph 172.

173.    For an answer to paragraph 173, Defendants admit that a Limited No Contact Order was issued to Plaintiff Seamon on or about May 10, 2022, by OCRI.  Defendants aver that the content of the no contact order speaks for itself.

174.    For an answer to paragraph 174, Defendants aver that the content of the email referenced in this paragraph speaks for itself.

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 28**

175. For an answer to paragraph 175, Defendants aver that the content of the email referenced in this paragraph speaks for itself.

176. For an answer to paragraph 176, Defendants aver that the content of the email referenced in this paragraph speaks for itself.

177. For an answer to paragraph 177, Defendants aver that the content of the email referenced in this paragraph speaks for itself.

178. For an answer to paragraph 178, Defendants aver that the content of the email referenced in this paragraph speaks for itself.

179. Defendants aver that the limited no contact order was issued pursuant to the University of Idaho's Title IX policy, FSH 6100, which incorporates the requirements of federal Title IX regulations for the provision of supportive measures when the University has received a report of sexual harassment.  Title IX regulations define supportive measures as non-disciplinary, non-punitive, individualized services that are reasonably available and intended to ensure equal access to an education program or activity, protect safety, or deter sexual harassment, and one such supportive measure is the issuance of mutual no contact orders.  Defendants further aver that when implementing appropriate supportive measures for both respondent and complainant, OCRI is not required to first determine that sexual harassment occurred or likely occurred, to present factual findings or witnesses to the respondent, or to provide notice or a hearing to the respondent before issuing the no contact order, as Title IX regulations require the University to offer supportive measures before the institution of the grievance process.  Defendants deny the remaining allegations in paragraph 179.

180. Defendants deny the allegations in paragraph 180.

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 29**

181.     Defendants admit the allegations in paragraph 181 and aver that the content of each no contact order speaks for itself.

182.     Defendants deny the allegations in paragraph 182.

183.     Defendants admit the allegations in paragraph 183.

184.     Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 184 regarding Plaintiffs' fear, or the credibility thereof, and therefore deny the same.

185.     The allegations in paragraph 185 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 185.

186.     Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 186 regarding Plaintiffs' fears, and therefore deny the same.

187.     Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 187 regarding Plaintiffs' worries, and therefore deny the same.

188.     Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 188, and therefore deny the same.

189.     Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 189, and therefore deny the same.

190.     Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 190 regarding Plaintiffs' fears, and therefore deny the same. Defendants specifically deny that the limited no contact order or the mutual no contact orders were issued on the basis of Plaintiffs' protected speech.

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 30**

191.     Defendants admit that Plaintiff Alexander had classes with Ms. Doe.  Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 191 regarding Plaintiffs' worries or concerns, and therefore deny the same.

192.     Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 192, and therefore deny the same.

193.     Upon information and belief, Defendants admit the allegations in paragraph 193.

194.     Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 194 that Plaintiff Seamon had only respectful interactions with Ms. Doe before the moment of community, and therefore deny the same.  Defendants deny the remaining allegations in paragraph 194.

195.     The allegations in paragraph 195 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations.

196.     Upon information and belief, Defendants admit the allegations in paragraph 196.

197.     Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 197, and therefore deny the same.

198.     Paragraph 198 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants admit the allegations in paragraph 198.

199.     Paragraph 199 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants specifically deny that the no contact orders issued were disciplinary in nature.

200.     Paragraph 200 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants lack

sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 200, and therefore deny the same.

201.    Defendants deny the allegations in paragraph 201.

202.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 202 regarding Plaintiffs' fears, or the credibility thereof, and therefore deny the same.

203.    Defendants admit the allegations in paragraph 203 of the complaint.

204.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 204 regarding Plaintiff Seamon's fears, or the credibility thereof, and therefore deny the same.

205.    Defendants admit the allegations in paragraph 205.

206.    Upon information and belief, Defendants admit the allegations in paragraph 206.

207.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 207 regarding Plaintiff Seamon's fears, or the credibility thereof, and therefore deny the same.

208.    For an answer to paragraph 208, Defendants aver that the content of the no contact order referenced in this paragraph speaks for itself.

209.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 209, and therefore deny the same.

210.    For an answer to paragraph 210, Defendants aver that the content of the email referenced in this paragraph speaks for itself.

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 32**

211.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 211 regarding Plaintiff Seamon's fears, or the credibility thereof, and therefore deny the same.

212.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 212 regarding Plaintiff Seamon's fears, or the credibility thereof, and therefore deny the same.

213.    Defendants admit that the University encourages students and professors to engage in discussions with each other.  Defendants lack sufficient information or knowledge to form a belief as to what the Plaintiffs' have "observed", and therefore leave Plaintiffs to their burden of proof.

214.    For an answer to paragraph 214, Defendants aver that the content of the email referenced in this paragraph speaks for itself.

215.    For an answer to paragraph 215, Defendants aver that the University encourages students and professors to exercise their fundamental right to speak on their viewpoints of sexuality, marriage, and a variety of other issues, regardless of whether other individuals agree with that viewpoint or not.  Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 215 regarding what Plaintiffs have "observed," and therefore deny the same.

216.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 216, and therefore deny the same.

217.    Upon information and belief, Defendants admit the allegations in paragraph 217.

218.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 218, and therefore deny the same.

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 33**

219.     Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 219, and therefore deny the same.

220.     Defendants admit that the University did not rescind the no contact orders. Defendants admit and aver that the University's policies authorize the issuance of no contact orders as a supportive measure.  Defendants deny the remaining allegations in paragraph 220.

221.     The allegations in paragraph 221 contain legal argument to which no response is required. If a response is required, Defendants deny the Plaintiffs were "forced" to file a lawsuit.

222.     Defendants admit that the Defendants issued a no contact order to Plaintiff Seamon. Defendants aver that the content of the no contact order referenced in this paragraph speaks for itself.

223.     Defendants deny the allegations in paragraph 223.

224.     Defendants deny the allegations in paragraph 224.

**FIRST CAUSE OF ACTION**
**First Amendment: Freedom of Speech**
**42 U.S.C. § 1983**

225.     Defendants reallege and incorporate by reference the above paragraphs as if fully set forth herein.

226.     The allegations in paragraph 226 contain legal argument to which no response is required.  If a response is required, Defendants aver that the protections of the First Amendment speak for themselves.

227.     The allegations in paragraph 227 contain legal argument to which no response is required.  If a response is required, Defendants admit and aver that the protections of the First Amendment speak for themselves.

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 34**

228.    The allegations in paragraph 228 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 228, leaving Plaintiffs to their burden of proof.

229.    The allegations in paragraph 229 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 229.

230.    The allegations in paragraph 230 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 230, leaving Plaintiffs to their burden of proof.

231.    Defendants deny the allegations in paragraph 231.

232.    The allegations in paragraph 232 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 232.

233.    The allegations in paragraph 233 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 233.

234.    Defendants aver that the University encourages students and professors to exercise their fundamental right to speak on a wide variety of content.  The remaining allegations in paragraph 234 contain legal argument to which no response is required.  If a response is required, Defendants deny censoring any student's or faculty member's protected speech.

235.    The allegations in paragraph 235 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 235.

236.    The allegations in paragraph 236 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 236.

237.    The allegations in paragraph 237 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 237.

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 35**

238.     The allegations in paragraph 238 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 238.

239.     The allegations in paragraph 239 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 239.

240.     The allegations in paragraph 240 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 240.

241.     The allegations in paragraph 241 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 241.

242.     The allegations in paragraph 242 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 242.

243.     The allegations in paragraph 243 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 243.

244.     The allegations in paragraph 244 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 244.

245.     The allegations in paragraph 245 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 245.

246.     The allegations in paragraph 246 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 246.

247.     The allegations in paragraph 247 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 247.

248.     The allegations in paragraph 248 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 248.

249.    The allegations in paragraph 249 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 249.

250.    The allegations in paragraph 250 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 250.

## SECOND CAUSE OF ACTION
### First Amendment: Free Exercise of Religion
### 42 U.S.C. § 1983

251.    Defendants reallege and incorporate by reference the above paragraphs as if fully set forth herein.

252.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 252 regarding Plaintiffs' motivations and beliefs, and therefore deny the same.

253.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 253 regarding Plaintiff Seamon's motivations and beliefs, and therefore deny the same.

254.    The allegations in paragraph 254 contain legal argument to which no response is required.  If a response is required, Defendants aver that the protections of the First Amendment speak for themselves.

255.    The allegations in paragraph 255 contain legal argument to which no response is required.  If a response is required, Defendants aver that the protections of the First Amendment speak for themselves and leave Plaintiffs to their burden of proof.

256.    The allegations in paragraph 256 contain legal argument to which no response is required.  If a response is required, Defendants aver that the protections of the First Amendment speak for themselves and leave Plaintiffs to their burden of proof.

257.     The allegations in paragraph 257 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 257.

258.     The allegations in paragraph 258 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 258.

259.     The allegations in paragraph 259 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 259.

260.     The allegations in paragraph 260 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 260.

261.     The allegations in paragraph 261 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 261.

262.     The allegations in paragraph 262 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 262.

**THIRD CAUSE OF ACTION**
**Fourteenth Amendment Right to Due Process of Law**
**42 U.S.C. § 1983**

263.     Defendants reallege and incorporate by reference the above paragraphs as if fully set forth herein.

264.     The allegations in paragraph 264 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 264, leaving Plaintiffs to their burden of proof.

265.     Defendants deny the allegations in paragraph 265.

266.     The allegations in paragraph 266 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 266, leaving Plaintiffs to their burden of proof.

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 38**

267.    The allegations in paragraph 266 contain legal argument to which no response is required.  If a response is required, Defendants admit only that a hearing was not set after the no contact orders were issued.  Defendants deny any wrongful acts or omissions under federal or state law.

268.    Defendants deny the allegations in paragraph 268.

269.    The allegations in paragraph 269 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 269.

270.    The allegations in paragraph 270 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 270.

271.    The allegations in paragraph 271 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 271.

272.    The allegations in paragraph 272 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 272.

273.    Paragraph 273 does not contain factual allegations against these answering Defendants and therefore no response is required.  If a response is required, Defendants aver that the content of each no contact order speaks for itself.

274.    The allegations in paragraph 274 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 274.

275.    The allegations in paragraph 275 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 275 and aver that the content of the policies referenced in this paragraph speak for themselves.

276.    The allegations in paragraph 276 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 276.

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 39**

277.     The allegations in paragraph 277 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 277.

278.     The allegations in paragraph 278 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 278.

**FOURTH CAUSE OF ACTION**
**Idaho Free Exercise of Religion Protected Act**
**Idaho Code § 73-402**

279.     Defendants reallege and incorporate by reference the above paragraphs as if fully set forth herein.

280.     The allegations in paragraph 280 contain legal argument to which no response is required.  If a response is required, Defendants aver that Idaho Code § 73-402 speaks for itself.

281.     Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 281 regarding Plaintiffs' motivations and beliefs, and therefore deny the same.

282.     Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 282 regarding Plaintiff Seamon's motivations and beliefs, and therefore deny the same.

283.     The allegations in paragraph 283 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 283.

284.     The allegations in paragraph 284 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 284.

285.     The allegations in paragraph 285 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 285.

286.    The allegations in paragraph 286 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 286.

287.    The allegations in paragraph 287 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 287.

288.    The allegations in paragraph 288 contain legal argument to which no response is required.  If a response is required, Defendants deny the allegations in paragraph 288.  Defendants specifically deny having acted in their personal capacities.

## AFFIRMATIVE DEFENSES

A.      One or more claims in Plaintiffs' Amended Verified Complaint fail to state a cause of action upon which relief may be granted.

B.      The alleged actions of the Defendants, if any, do not rise to the level of a deprivation of a constitutionally protected right or statutory right.  By asserting this defense, Defendants do not admit to any wrongdoing, but deny the same unless specifically and expressly admitted herein.

C.      Any and all conduct on the part of Defendants with respect to the matters alleged in the Amended Verified Complaint was lawful, justifiable, and performed within their duties and responsibilities, in good faith, and with the belief that such acts were proper and appropriate.

D.      Plaintiffs' damages, if any, were proximately caused and/or contributed to, in whole or in part, by the wrongful conduct of Plaintiffs and/or others.

E.      Discovery, research, and investigation may show that Plaintiffs have failed to mitigate their damages and/or failed to exhaust all administrative remedies available to them.

F.      Defendants Green, Agidius, Eckles and Ewan in their official capacities are not persons under § 1983 subject to suit.

G.      Defendants Green, Agidius, Eckles and Ewan are not liable in their individual capacities.

H.      Defendants Green, Agidius, Eckles and Ewan are entitled to qualified immunity.

I.      Plaintiffs have not suffered any damages.

Whereas discovery is just beginning, Defendants reserve the right to modify and amend their answers to Plaintiffs' Amended Verified Complaint and/or their Affirmative Defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment against Plaintiffs as follows:

1.      That Plaintiffs' Amended Verified Complaint be dismissed and Plaintiffs recover nothing;

2.      That Defendants be awarded their costs of suit and reasonable attorneys' fees incurred in defending this action; and

3.      That Defendants be awarded such other and further relief as the Court deems proper.

DATED this 7th day of June, 2022.

LAKE CITY LAW GROUP PLLC


/s/ *Katharine B. Brereton*
KATHARINE B. BRERETON
*Attorney for Defendants*

**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 42**

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 7th day of June, 2022, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Matthew C. Williams
WILLIAMS LAW, PLLC                       ☒ : Email matt@willimslawoffice.net
812 First St. S.
Nampa, ID  83651
*Attorney for Plaintiffs*


Tyson C. Langhofer
Michael R. Ross                          ☒ : Email tlanghofer@ADFlegal.org
Matthew W. Hoffman                       ☒ : Email mross@ADFlegal.org
ALLIANCE DEFENDING FREEDOM               ☒ : Email mhoffman@ADFlegal.org
44180 Riverside Pkwy.
Lansdowne, VA  20176
*Attorneys for Plaintiffs*
*Admitted Pro Hac Vice*


                                         /s/ *Nicky Hastings*
                                         Nicky Hastings


**DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT - 43**